UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRANCE MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV1068MLM |
| ) | |
| DONNELL L. WALTERS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion for a New Trial. [Doc. 154] Defendant opposes the Motion. [Doc. 156] This case was tried to a jury June 5-6, 2006. The jury returned a verdict in favor of defendant and against plaintiff. In his Motion, plaintiff argues that the jury's verdict was against the weight of the evidence.

## Applicable Law

Federal Rule of Civil Procedure 59 "confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). "The authority to grant a new trial...is confided almost entirely to the exercise of discretion on the part of the trial court." Sanford v. Crittenden Memorial Hospital, 141 F.3d 882, 884 (8th Cir. 1998).

The standard upon which this court must consider plaintiff's Rule 59 Motion for New Trial differs from that which the court would apply to a motion for judgment as a matter of law. A motion for new trial should only be granted if "the jury's verdict were [sic] against the great weight of the evidence so as to constitute a miscarriage of justice." Denesha v. Farmer's Ins. Exchange, 161 F.3d 491, 497 (8th Cir. 1998) quoting Pulla v. Amoco Oil Co., 72 F.3d 648, 656 (8th Cir. 1995); Harris v. Secretary of the Army, 119 F.3d 1313, 1318 (8th Cir. 1997); Gray, 86 F.3d at 1480 ("[a] new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice.")

## Discussion

Plaintiff raises three evidentiary bases which he contends demand the conclusion that plaintiff was beaten by the police on November 7, 2003: (1.) plaintiff's statements to the doctors during medical treatment that he was beaten; (2.) the location of his injury and the testimony of Dr. Neils Beck concerning the injuries; and (3.) the lack of evidence supporting defendant Walter's testimony regarding what happened during the incident.

The jury heard testimony from plaintiff, from Officer Walters and from numerous witnesses. It is the task of the jury to make credibility findings and here it cannot be said that the jury's verdict was against the weight of the evidence such that it constituted a miscarriage of justice. Although plaintiff testified that he was physically beaten by 5-6 officers for several minutes, he sustained only a small cut on his head and scrapes on his cheeks. Officer Walters as well as Sergeant Joseph Lehman, Lieutenant Joseph Hecht and former Officer Mark Wagner testified that no excessive force was used against plaintiff. There was substantial evidence that plaintiff's injuries were received from sources other than excessive force. Father Mark McKenzie testified about a broken window in the rectory, and about his car which was stolen and then wrecked by plaintiff. Officer Walters testified that a car and foot pursuit occurred. Plaintiff testified that he jumped over a fence during the foot pursuit and was cuffed face down on a concrete surface. He further testified that for hours before his arrest, he was crawling in and out of vacant, condemned buildings buying and smoking crack-cocaine. Paramedic Bob Wilhelm, nurse Julie Lea, Dr. Richard Schmidt and Dr. Gary Gambill testified about plaintiff's condition immediately following his arrest. There was sufficient credible evidence from which a reasonable jury could find that plaintiff was not subjected to excessive force.

The witnesses were all examined for possible bias and inconsistent statements. As noted, the jury made reasonable credibility findings and the court finds that plaintiff's Motion for New Trial should be denied because the verdict was not against the weight of the evidence. There was no miscarriage of justice.

**Accordingly,**

**IT IS HEREBY ORDERED** that plaintiff's Motion for New Trial is **DENIED. [Doc. 156]**

/s/Mary Ann L. Medler
**MARY ANN L. MEDLER**
**UNITED STATES MAGISTRATE JUDGE**

**Dated this  18th   day of  July, 2006.**